**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BRIAN D. WILLIAMSON, | : | |
|     Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:23-CV-01203 (JCH) |
| v. | : | |
| | : | |
| AMICA MUTUAL INSURANCE COMPANY, | : | |
|     Defendant. | : | MAY 8, 2024 |

**RULING ON MOTION TO STRIKE (DOC. NO. 16)**

**I.   INTRODUCTION**

Plaintiff Brian D. Williamson[1] brings this action under Connecticut law, pursuant to this court's diversity jurisdiction, against defendant Amica Mutual Insurance Company ("Amica"). The plaintiff alleges that the defendant breached the parties' insurance contract. See Complaint ("Compl.") (Doc. No. 1-1).

Before this court is the plaintiff's Motion to Strike eight of seventeen Affirmative Defenses filed by Amica in its Answer to plaintiff's Complaint. See Motion to Strike ("Pl.'s Mot.") (Doc. No. 16). Amica opposes the Motion. See Defendant's Objection to Plaintiff's Motion to Strike Affirmative Defenses ("Def.'s Opp.") (Doc. No. 17).

For the reasons set forth below, the Motion is granted in part and denied in part.

---

[1] Brian D. Williamson brings this suit in his capacity as the sole trustee of the Robert G. Williamson Living Trust. He replaces the original plaintiff, Robert G. Williamson, who died on October 31, 2023. See Suggestion of Death (Doc. No. 20); Motion to Substitute (Doc. No. 22): Order Granting Motion to Substitute (Doc. No. 30).

1

## II.       BACKGROUND

On August 24, 2023, plaintiff Robert G. Williamson, in both his individual capacity and his capacity as trustee of the Robert G. Williamson Living Trust, filed suit against Amica in the Connecticut Superior Court.  See Compl.  The plaintiff's Complaint alleges that Amica breached its insurance contract by failing to pay plaintiff in full for water-related property damage.  See id.  Amica removed the case to federal court on September 13, 2023, see Notice of Removal (Doc. No. 1), and it filed its Answer with Affirmative Defenses on September 20, 2023, see Answer (Doc. No. 13).

On October 6, 2023, Robert G. Williamson moved to strike Amica's Second, Sixth, Seventh, Tenth, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses.  See Pl.'s Mot.  Amica filed its Objection to the Motion to Strike on October 27, 2023.  See Def.'s Opp.  The Second Affirmative Defense alleges that plaintiff cannot recover due to "fail[ure] to comply with the terms and conditions of the Policy issued by Amica."  See Answer at 3.  The Sixth Affirmative Defense alleges that the claims are "barred by the relevant exclusions, endorsements, terms, conditions, and/or other provisions of the Insurance Policy", while the Seventh Affirmative Defense alleges that "[a]ny obligation that Amica may have to indemnify the [plaintiff] are limited or eliminated by the terms and conditions of the Policy[.]"  Id.  The Tenth Affirmative Defense asserts that plaintiff has "failed to use the funds issued by Amica relating to the loss to repair and/or return the Property to its pre-loss condition."  Id. at 4.  The Fourteenth Affirmative Defense alleges that plaintiff "failed to commence the suit within two years after the date of loss", as required by the Insurance Policy.  Id. at 5.  The Fifteenth Affirmative Defense asserts that the "acts complained of were committed by a person(s) for show

[sic] conduct Amica is not legally responsible." Id.  Finally, the Sixteenth Affirmative Defense asserts that the action is barred by the applicable statute of limitations or statute of repose, while the Seventeenth Affirmative Defense asserts that the action "is barred by the equitable doctrines of laches, waiver or estoppel."  Id.

On November 6, 2023, the court received Notice that plaintiff Robert G. Williamson died on October 31, 2023.  See Suggestion of Death.  Trustee Brian D. Williamson then moved to substitute himself as the plaintiff in this action, see Motion to Substitute (Doc. No. 22), which this court granted over the defendant's objection, see Order Granting Motion to Substitute (Doc. No. 30).

## III.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  An affirmative defense may be stricken if (1) "it does not meet the 'plausibility standard of Twombly"; (2) "it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims;" or (3) "it prejudices the defendant and it is "presented beyond the normal time limits of the Rules."  Haber v. Bankers Standard Ins. Co., No. 19-CV-276, 2019 WL 7343397, at *1 (D. Conn. Dec. 31, 2019) (quoting GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 98-99 (2d Cir. 2019)).

Applying the plausibility standard, as articulated in Twombly and Iqbal, is a "context-specific task" in which the fact "that an affirmative defense, rather than a complaint, is at issue . . . is relevant to the degree of rigor appropriate for testing the pleading of an affirmative defense."  GEOMC Co., 918 F.3d at 98.  "In addition, the relevant context will be shaped by the nature of the affirmative defense" and whether

the facts needed to buttress it are "readily available." Id.  Under Twombly and Iqbal, the court does not credit "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Instead, the pleading "must contain sufficient factual matter," which, "accepted as true," would render a claim facially plausible.  Id. at 678.

## IV. DISCUSSION

The plaintiff moves to strike Amica's Second, Sixth, Seventh, Tenth, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses, on the ground that each defense fails to meet the requisite plausibility standard because "they lack allegations of fact that would be readily available to the Defendants if such facts existed."  See Pl.'s Mot. at 5.  The court addresses each of these Affirmative Defenses in turn.[2]

### A. Second, Sixth, and Seventh Affirmative Defenses

First, the court agrees with the plaintiff that the Second, Sixth, and Seventh affirmative defenses, as pled, are legally insufficient because they lack any indication as to which provisions of the Insurance Policy bar or limit plaintiff's claim.  See GEOMC Co., 918 F.3d at 99; Haxhe Props., LLC v. Cincinnati Ins. Co., No. 20-CV-01594, 2021 WL 2291101, at *4 (D. Conn. June 4, 2021) (striking an affirmative defense that fails to "tie[ ] the allegations to a specific exclusion in the Policy").  Without reference to any specific provisions, the plaintiff does not have sufficient notice as to the bases of

---

[2] In analyzing each Affirmative Defense, the court will follow the organizational lead of the parties. Where the parties analyze certain Affirmative Defenses together, such as the Second, Sixth, and Seventh Affirmative Defenses, the court will similarly analyze these defenses together.

Amica's defenses.[3]  Moreover, to the extent these defenses mirror the Eleventh, Twelfth, Thirteenth, or Fourteenth Affirmative Defenses, they are unnecessary and redundant.  Accordingly, the plaintiff's Motion to Strike the Second, Sixth, and Seventh Affirmative Defenses are granted, without prejudice to Amica filing an Amended Answer.

      B.      Tenth Affirmative Defense

The plaintiff also contends that the Tenth Affirmative Defense—that plaintiff "failed to use the funds issued by Amica relating to the loss to repair and/or return the Property to its pre-loss condition"—is insufficient because it fails to plead any facts sufficient to "show[ ] how this allegation constitutes a defense" to plaintiff's breach of contract claim.  Pl.'s Mot. at 7.  However, as Amica notes, the plaintiff's Complaint asserts that Amica has failed to pay the plaintiff "in full" for "losses and damages as required under the terms of the insurance policy."  See Compl. at ¶ 11 (emphasis added).  Given this context, the court cannot say that this defense lacks any logical connection to plaintiff's breach of contract claim.  See GEOMC Co., 918 F.3d at 98 (noting that the assessment of whether an affirmative defense is plausible and properly pled is a context-specific task); accord Haxhe, 2021 WL 2291101, at *4 (finding that a "conclusory" affirmative defense that plaintiffs failed to mitigate their claimed damages

---

[3] Amica's Answer provides excerpts of the Insurance Policy in question, including, inter alia, certain provisions and exclusions.  See Answer at ¶ 11.  However, it is not apparent, from the Answer, which of these provisions and exclusions are relevant to Amica's Second, Sixth, and Seventh Affirmative Defenses, and whether Amica is relying on any other provisions in these defenses.

It also appears, based on Amica's Counterclaim, that at least one of the exclusions referenced in the Sixth Affirmative Defense is the exclusion for "loss[es] for wear and tear, and deterioration."  See Answer at ¶ 31.  Accordingly, should the defendant file an Amended Answer, it should specify whether the Sixth Affirmative Defense is indeed referencing this exclusion, in addition to specifying any other "exclusions, endorsements, terms, conditions, and/or other provisions of the Insurance Policy."  Id. at 3.

was, based on the context, adequately pled).  The plaintiff's Motion to Strike the Tenth Affirmative Defense is therefore denied.

### C. Fourteenth and Sixteenth Affirmative Defenses

The court reaches divergent conclusions with respect to Amica's Fourteenth and Sixteenth Affirmative Defenses, both of which relate to timeliness.  The Fourteenth Affirmative Defense, which alleges that the suit was untimely filed because it failed to comply with the Insurance Policy's two-year suit provision, is, in this court's view, adequately pled.  Although the plaintiff contends that this defense is facially insufficient because there is "no dispute" that the suit was commenced "within two years of the date of loss," see Pl.'s Mot. at 8, the court agrees with the defendant that it would be inappropriate for this court to reach such a factual determination at the pleading state.  The Motion to Strike the Fourteenth Affirmative Defense is therefore denied.

However, the court conversely concludes that the Sixteenth Affirmative Defense—which asserts that the action "is barred by the applicable statute of limitations and/or statute of response"—is insufficient because it fails to identify the relevant statutes and, in turn, the relevant statutory time periods.  As such, the plaintiff lacks sufficient notice as to the applicable statutory time limitations referenced by Amica.  The Motion to Strike the Sixteenth Affirmative Defense is thus granted without prejudice.

### D. Fifteenth Affirmative Defense

The court similarly concludes that the Fifteenth Affirmative Defense, as pled, is not factually or legally sufficient.  The court agrees with Amica that, without the benefit of discovery, it need not necessarily identify a specific third party.  However, Amica must provide at least some factual basis for its assertion that the relevant conduct was

"committed by a person(s)" for whom "Amica is not legally responsible." See Haxhe, 2021 WL 2291101, at *4 (noting that vague allegations regarding the actions of unspecified third parties "undermine[ ] the factual and legal sufficiency" of an affirmative defense).[4]  It must also specify the "acts complained of" and give some indication as to how this Affirmative Defense would bar plaintiff from recovering under the Insurance Policy.  See Coach, Inc. v. Kmart Corps., 756 F. Supp. 2d 421, 425 (2d Cir. 2010) ("[C]onclusory assertions, absent any supporting factual allegations are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to the plaintiff's claims.").  The Motion to Strike the Fifteenth Affirmative Defense is thus granted without prejudice.

E. Seventeenth Affirmative Defense

Finally, Amica's Seventeenth Affirmative Defense is plainly insufficient.  See Answer at 5 ("This action is barred by the equitable doctrines of laches, waiver or estoppel.").  Although the court recognizes that Amica currently lacks the benefit of discovery, it must provide some factual support for these defenses, however limited it may be.  See Silva v. Hornell Brewing Co., No. 20-CV-756, 2020 WL 8079823, at *4 (E.D.N.Y. Dec. 1, 2020) (holding that "the bare, boilerplate statement that '[p]laintiff's claims are barred by the doctrine of estoppel,' without offering any factual basis in support," did not satisfy the standard laid out in GEOMC Co.).  The Motion to Strike the Seventeenth Affirmative Defense is therefore granted without prejudice.

---

[4] In its Opposition, Amica appears to suggest that the third parties referenced in this defense relate to the allegation in plaintiff's Complaint that the plaintiff "incur[red] repair costs to fix the Property." See Def.'s Opp. at 9 (quoting Compl. at ¶ 12).  If so, Amica should explicitly state that in its amended Affirmative Defenses, should it choose to refile.

7

**V.      CONCLUSION**

For the reasons stated above, the Motion to Strike (Doc. No. 16) is granted in part and denied in part.  The Motion is granted with respect to the Second, Sixth, Seventh, Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses and denied with respect to the Tenth and Fourteenth Affirmative Defenses.  The court grants the defendant leave to refile its Answer with amended Affirmative Defenses, in accordance with this Ruling, within 21 days from the date herein.

**SO ORDERED.**

Dated at New Haven, Connecticut this 8th day of May 2024.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge