UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN D. WILLIAMSON, TRUSTEE<br>    Plaintiff, | :<br>:<br>: | CIVIL CASE NO.<br>3:23-cv-01203 (JCH) |
| v. | :<br>:<br>: | |
| AMICA MUTUAL INSURANCE<br>COMPANY,<br>    Defendant. | :<br>:<br>:<br>: | JUNE 30, 2025 |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 39)**

**I.     INTRODUCTION**

Robert G. Williamson, for himself and in the capacity of Trustee of the Robert G. Williamson Living Trust (formerly known as the Robert G. and Celeste M. Williamson Living Trust), bring this action against Amica Mutual Insurance Company (hereafter, "the defendant"), which action the defendant removed from state court pursuant to this court's diversity jurisdiction. See Notice of Removal (Doc. No. 1).[1]  The claim arises from damage sustained in September 2021 to the Danbury, Connecticut residence of Mr. Robert and Mrs. Celeste Williamson, a residence which was insured by the defendant.[2]  The plaintiff alleges that the defendant did not pay the Williamsons in full for their losses as required under the terms of the home insurance policy, placing the defendant in breach under the contract with the Williamsons.  See Complaint (hereafter, "Compl.") (Doc. No. 1-1) ¶¶ 11-12.

---

[1] On May 3, 2024, this court issued an order terminating Robert G. Williamson in his individual capacity and as Trustee, substituting Brian D. Williamson, in his capacity as Trustee, as the sole plaintiff in the instant matter.

[2] For sake of clarity, Mr. Robert Williamson and Mrs. Celeste Williamson owned the residence at issue and are referred to as the Williamsons where relevant.

1

Before the court is the defendant's Motion for Summary Judgment.  See Defendant Amica Mutual Ins. Co's Motion for Summary Judgment (hereafter, "Def. Mot.") (Doc. No. 39).  The plaintiff opposes the motion.  See Objection to Motion for Summary Judgment and Memorandum of Law (hereafter, "Pl.'s Opp.") (Doc. No. 48).  See also Defendant's Reply Memorandum to Plaintiff's Objection to Motion for Summary Judgment (hereafter, "Def.'s Reply") (Doc. No. 67).  For the reasons set forth below, the Motion for Summary Judgment is denied.

## II. BACKGROUND

### a. Factual Background

In September 2021, Robert and Celeste Williamson resided at their Danbury, Connecticut property located at 43 Lindencrest Drive (hereafter, "the Property") where the Williamsons maintained an Amica Homeowners Insurance Policy (Policy No. 61110621CM) (hereafter, "the Policy").  See Plaintiff's Local Rule 56(a)(2) Statement of Facts (hereafter, "Pl.'s 56(a)(2) Stmt.")  (Doc. No. 56) ¶ 1.  On September 1, 2021, Storm Ida hit Connecticut, causing damage to the Property—the degree and nature of which the parties dispute.  On September 9, 2021, the Williamsons notified Amica of a loss to the Property, after which Amica accepted the claim and assigned to it file number 60004168906.  Id. at ¶ 6.

Following the claim assignment, multiple inspections of the Property followed.  In the first instance, Amica assigned Acorn Claims to investigate the loss.  Id. at ¶ 7.[3]  On

---

[3] Plaintiff challenges multiple statements in the defendant's Rule 56(a) statement as hearsay. Hearsay evidence is admissible at the summary judgment stage where the evidence might otherwise be admissible at trial.  Century Pac., Inc. v. Hilton Hotels Corp., 528 F. Supp. 2d 206, 215 (S.D.N.Y. 2007), aff'd, 354 F. App'x 496 (2d Cir. 2009) ("Hearsay evidence is admissible at the summary judgment stage if the contents would otherwise be admissible at trial.").

2

October 6, 2021, and then again on October 28, 2021, Acorn Claims inspected the property. Id. at ¶¶ 8, 9, 12. On October 29, 2021, Mr. Jim Callahan, on behalf of Acorn Claims, issued a report detailing the results of Acorn's reinspection of the Property. Id. at ¶ 13. Amica then referred the Williamsons with Zott Construction, Inc. a contractor with whom Amica maintains a business relationship. In early November 2021, Zott Construction Inc. inspected the Property and issued a report the following month. Id. at ¶ 16.

The parties challenge, among other things, the source of damage to the Property's roof and—consequently—whether such damage is covered under the Policy.

    b. <u>Procedural Background</u>

On August 24, 2023, Robert G. Williamson, in his individual capacity and as Trustee, filed the operative Complaint against the defendant, alleging the defendant breached its insurance contract with the Williamsons. (Doc. No. 1-1). On May 29, 2024, the defendant filed a Counterclaim seeking declaratory judgment that (i) the defendant has fully indemnified the original plaintiffs for the September 2021 loss; that (ii) there is no coverage for roof damages related to the September 2021 loss; and (iii) that the original plaintiffs have no right to appraisal related to the September 2021 loss. See Defendant Amica Mutual Insurance Company's Counterclaim for Declaratory Judgment (Doc. No. 32).

---

The court need not decide at this stage whether the proffered evidence constitutes hearsay and uses the above statements to sketch only the basic contours of the factual background. These statements are not material issues of fact.

**III.   LEGAL STANDARD**

A motion for summary judgment may be granted only when the moving party can establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Wright v. N.Y. State Dep't of Corr., 831 F.3d 64, 71-72 (2d Cir. 2016).  If the moving party satisfies this burden, the nonmoving party must set forth specific facts demonstrating that there is indeed "a genuine issue for trial."  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  A genuine issue exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Cross Com. Media, Inc. v. Collective, Inc., 841 F.3d 155, 162 (2d Cir. 2016).  Unsupported allegations do not create a material issue of fact and cannot overcome a properly supported motion for summary judgment.  See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).  In assessing the record to determine whether there are disputed issues of material fact, the trial court must "resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought."  LaFond v. Gen. Physics Servs. Corp., 50 F.3d 165, 175 (2d Cir. 1995).

**IV.   DISCUSSION**

The defendant has moved for summary judgment as to both the one claim sounding in breach of contract and the defendant's counterclaim seeking declaratory judgment.  For the reasons set forth below, the court (1) declines to consider the defendant's reply due to fatal procedural and substantive defects and (2) declines to assess the credibility of the plaintiff's expert witness.

      a. <u>Propriety of Defendant's Reply</u>

        1. Whether Defendant Adequately Cured the Rule 56(a)(3) Defect

The defendant improperly leverages their Reply brief to cure procedural and substantive defects in their moving brief and advance new arguments not previously raised. In doing so, the defendant has deprived the plaintiff of the ability to effectively address the totality of the arguments put before this court in the manner contemplated both by Second Circuit precedent and by the Local Rules of this District.

Rule 56(a)(1) of the Local Civil Rules of the United States District Court for the District of Connecticut provide that parties "moving for summary judgment shall file and serve with the motion and supporting memorandum a document entitled 'Local Rule 56(a)(1) Statement of Undisputed Material Facts,' which sets forth. . . a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." D. Conn. L. Civ. R. 56(a)(1). Rule 56(a)(3) provides that "[e]ach statement of material fact by a movant in a Local Rule 56(a)(1) Statement. . . must be followed by a specific citation" which "requires parties to cite to specific paragraphs when citing affidavits or responses to discovery requests and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length." D. Conn. L. Civ. R. 56(a)(3). Crucially, Rule 56(a)(3) provides that failure to supply these citations may result in "the Court imposing sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment." <u>Id</u>.

Here, the defendant has failed to supply the requisite citations to a litany of Exhibits it points to in its 56(a)(1) Statement (hereafter, "Def.'s 56(a)(1) Stmt.")[4] (Doc. No. 39-1). For instance, the defendant cites to Exhibit A, a 68-page policy document, multiple times throughout the Statement—each time absent a single page citation. See, e.g., Def.'s 56(a)(1) Stmt. ¶¶ 1, 4. The defendant similarly cites to Exhibits C and G, a 20-page and 46-page report respectively, without a page citation. Id. at ¶¶ 8, 12. Other examples abound. See, e.g., id. at ¶ 16 (citing to Exhibit K, a 45-page report, without a page citation); Id. at ¶ 27 (citing to a 30-page excerpt of Exhibit U, a 233-page expert report, to substantiate a 5-sentence quote). In contravening Local Rule 56(a)(3), the defendant has imposed upon the plaintiff the obligation to sift through hundreds of pages of the record to ascertain whether the defendant's factual allegations are adequately supported in order to properly respond to that 56(a)(1) statement. In doing so, the defendant has encumbered the plaintiff's ability to dedicate appropriate time and resources to responding to the substance of defendants' assertions, instead obligating the plaintiff to check defendant's work for them. In addition, it has necessarily unduly burdened this court during its review of the defendant's summary judgment motion.

Only after the plaintiff called attention to the Rule 56(a)(3) violation in his opposition, see Pl.'s Opp. at 6-7, did the defendant attempt to cure the citation defect in its Reply. This attempt is unavailing. The defendant may not use their Reply to remedy defects in their prior briefing. See Rothman v. Complete Packing & Shipping Supplies, Inc., No. 22-CV-2821 (OEM) (ST), 2024 WL 4350433, at *6 (E.D.N.Y. Sept. 30, 2024) ("Otherwise, movants could simply file deficient motions, only to cure the deficiencies on

---

[4] The defendant's 56(a)(1) Statement is embedded within its moving brief.

reply after their opponents predictably argue that their submissions were defective and failed to meet the burden, thus depriving their opponent of the opportunity to respond to the arguments or evidence ultimately advanced.")  Allowing the defendant the ability to cure the citation defect in reply would be unfair to the plaintiff who undertook efforts to scrutinize wholesale citations in their one and only opportunity to address the defendant's arguments.[5]  For this reason alone, the court denies summary judgment.

### 2.  Whether Defendant Properly Raised Substantive Issues in Reply

The defendant also improperly advances in its Reply Memorandum an argument for the first time.  In doing so, the defendant has again worked an unfairness on the plaintiff comparable to their attempt to cure the procedural Rule 56(a)(3) defect described above.  The defendant asserts that the plaintiff is precluded from double recovery because the plaintiff was paid for these same damages in connection with a subsequent freeze loss suffered in February 2022.  In support of this assertion, the defendant cites to a separate proceeding, Williamson v. Amica Mutual Insurance Co., 3:24-cv-305(RNC), also pending in this district.

The defendant may not raise new issues on reply.  "Arguments may not be made for the first time in a reply brief."  Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993). Arguments raised for the first time in a reply brief are considered waived.  Cadoret v. Sikorsky Aircraft Corp., 323 F. Supp. 3d 319, 327 n. 7 (D. Conn. 2018).  Indeed, the Second Circuit has declined to entertain theories proffered in the first instance in a reply

---

[5] Had the defendant reviewed this district's local rules, the defendant would see that no sur-replies are allowed absent permission of the Court.  See D. Conn. L. Civ. R. 7(d).  This court rarely grants leave for sur-reply.

7

brief.  Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir. 1999).[6] Here, there is no ascertainable reason the defendant could not have raised the issue of double recovery in their opening brief.  The operative Complaint in this separate proceeding was filed on February 12, 2024, nearly ten months before the defendant moved for summary judgment in the instant case.  The issue of double recovery is therefore deemed waived in connection with the instant motion for summary judgment.

The defendant may not use their reply papers as a second bite at the apple at the expense of their opponents.

  b. Plaintiffs' Expert Witness

In its opening Memorandum, the defendant attacks the expert witness report proffered by the plaintiff on the grounds that Mr. Alan Tancreti's expert testimony runs afoul of Federal Rule of Evidence 702 and the standard set forth in Daubert v. Merrell Dow Pharms., Inc., 50 U.S. 579 (1993).  Of note, the defendant does not attack Mr. Tancreti's qualifications nor does the defendant style their argument as a motion to exclude under Daubert.

The defendant asserts that the report authored by Mr. Tancreti is inadmissible to establish the conclusion that Storm Ida caused damage to the Property's roof because it consists of "subjective beliefs and unsupported speculation." Def's Mot. at 18.  Indeed, the defendant claims that Mr. Tancreti's report fails to supply "any data or underlying description of the methodology used."  The court is puzzled by this assertion.  Mr. Tancreti's report states, under a bolded header reading "BASES OF OPINION" no less,

---

[6] Other circuits have similarly rejected arguments raised in the first instance in a reply brief.  See, e.g., United States v. Jenkins, 904 F.2d 549, 554 n. 3 (10th Cir.); Duggan v. Board of Educ. of E. Chicago Heights, 818 F.2d 1291, 1293 (7th Cir.1987).

8

that Mr. Tancreti's methodology included, among other things, "several on-site visual inspections," "a review of a roof inspection by Mr. Bansemer of JB Enterprises," "a review of a Hover Complete Measures document," "a review of an alternative work practice conducted by Mr. Chris Liberti, VP of Operations Eagle Environmental, Inc." and "an asbestos sampling report conducted by Mr. Nathan Bauer[,] Program Manager for EBI Consulting." Def.'s Ex. U at 7-8. It's unclear what bases are specifically lacking in defendant's estimation.

Related to these above bases, the defendant also accuses Mr. Tancreti of cribbing from the defendant's expert witness, JB Enterprises, only to reach an opposite conclusion as to the source of damage to the Property's roof. Id. at 16. The court is likewise puzzled by this assertion. Mr. Tancreti used Mr. Bansemer's inspection as a source of information, just as he used his own on-site inspections, other documents, and reports similarly authored by others, to which he applied his own expertise and analysis. That he arrived at a different conclusion is unsurprising and, if anything, lends credence to the idea that his opinion is his own and not cribbed from anyone else.

Given the 26(a) disclosure complies with the Rule, and the expert has stated his opinions and bases therefore, it is inappropriate at the summary judgment stage for the court to assess the credibility or persuasiveness of Mr. Tancreti's findings, which are best suited to jury scrutiny at trial through cross-examination. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether [s]he is ruling on a motion for summary judgment or for a directed verdict."); Kaytor v. Elec. Boat Corp., 609 F.3d 537, 550 (2d Cir. 2010) ("[T]he

9

weighing of the evidence is a matter for the factfinder at trial, not for a court considering a motion for summary judgment."). Old Gate Partners, 2024 WL 3520168, at *7 (noting that "cross-examination" is the appropriate avenue to attack admissible expert opinions).[7] As such, the court declines to find that Mr. Tancreti's report fails, as a matter of law, to demonstrate an issue of material fact as to the source of loss to the Property's roof.

---

[7] Though the court declines to find Mr. Tancreti's expert report deficient as a matter of law at the summary judgment stage, the court reminds the plaintiff of Rule 26(e)'s requirements on the supplementation of expert reports as it pertains to Mr. Tancreti's affidavit.

V.      CONCLUSION

For the reasons discussed above, the Motion for Summary Judgment (Doc. No. 39) is denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 30th day of June 2025.

 /s/ Janet C. Hall_____
Janet C. Hall
United States District Judge